**Bashar Yousef HIRZALLAH,**
**Petitioner,**

v.

**John ASHCROFT,\* Attorney**
**General, Respondent.**

No. 02–72265, A70–067–977.

United States Court of Appeals,
Ninth Circuit.

Submitted June 14, 2004.\*\*

Decided June 18, 2004.

---

\* The court sua sponte changes the docket to reflect that John Ashcroft, Attorney General, is the proper respondent. The Clerk shall amend the docket to reflect the above caption.

\*\* This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

Bashar Yousef Hirzallah, Fullerton, CA, Petitioner Pro Se.

Regional Counsel, Western Region, Immigration & Naturalization Service, Laguna Niguel, CA, CAC–District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Legal Officer, Office of the District Counsel, San Francisco, CA, Richard M. Evans, Esq., David Dauenheimer, DOJ–U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before HALL, LEAVY and FISHER, Circuit Judges.

### MEMORANDUM ***

Bashar Yousef Hirzallah, a native and citizen of Jordan, petitions pro se for review of the Board of Immigration Appeals' ("BIA") summary affirmance of an Immigration Judge's ("IJ") denial of his applications for asylum and withholding of removal. We have jurisdiction pursuant to 8 U.S.C. § 1252. We review for substantial evidence, *see Meza–Manay v. INS,* 139 F.3d 759, 762 (9th Cir.1998), and we deny the petition for review.

■ Substantial evidence supports the IJ's conclusion that Hirzallah failed to establish past persecution or a well-founded fear of future persecution on account of an enumerated ground. *See INS v. Elias–Zacarias,* 502 U.S. 478, 481, 112 S.Ct. 812, 117 L.Ed.2d 38 (1992).

Hirzallah failed to prove past persecution or a well-founded fear of future persecution on the basis of being subject to Jordan's military conscription requirement. *See Gonzalez v. INS,* 82 F.3d 903, 908 (9th Cir.1996) (stating that a general requirement of conscription does not constitute persecution).

■ Because Hirzallah failed to establish eligibility for asylum, it follows that he failed to satisfy the more stringent standard for withholding of removal. *See Pedro–Mateo v. INS,* 224 F.3d 1147, 1150 (9th Cir.2000).

■ Finally, we decline to address Hirzallah's contention that he is eligible for relief under the Convention Against Torture because he failed to administratively exhaust this claim with the BIA. *See* 8 U.S.C. § 1252(d)(1); *Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

PETITION FOR REVIEW DENIED.

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.